# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## SOUTHERN DISVISION

| | | |
|---|---|---|
| CHRIS KIRBY, individually and<br>on behalf of other similarly situated persons, | ) )<br> | CASE No. 7:19-cv-170 |
| | ) | |
| Plaintiff, | ) | CLASS ACTION CLAIMS |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| CAUDILL VENTURES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Chris Kirby, individually and on behalf of all others similarly situated, for his Petition against Defendant Caudill Ventures, LLC, hereby states and alleges as follows:

1.  Defendant has operated at least three Papa John's Pizza franchise stores in North Carolina during times relevant. Defendant employs delivery drivers who use their own automobiles to deliver pizzas and other food items to Defendant's customers. Instead of reimbursing its delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendant uses a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their net wages to fall below the federal minimum wage during some or all workweeks (nominal wages – unreimbursed vehicle costs = subminimum net wages).

2.  Defendant's practices also result in non-payment of earned wages and unauthorized deductions in violation of North Carolina law.

3.     Plaintiff Chris Kirby brings Count I of this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid minimum wages owed to himself and all similarly situated delivery drivers, and he brings Counts II and III of this lawsuit as a class action under the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.6, *et seq.*, to recover unpaid earned wages and unauthorized deductions  owed to himself and all similarly situated delivery drivers employed by Defendant.

## Jurisdiction and Venue

4.     The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) which provides for concurrent jurisdiction in federal and state courts and on 28 U.S.C. § 1331 (federal question).

5.     The NCWHA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions.  Jurisdiction over Plaintiff's NCWHA claim is based on N.C.G.S. § 95-25.22 and 28 U.S.C. § 1367 (pendent claims).

6.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391 as Defendant operates Papa John's stores in this district, employs Plaintiff in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## Parties

7.     Defendant Caudill Ventures, LLC is a North Carolina limited liability company which has operated a chain of Papa John's Pizza franchise stores, including stores located within this District and Division, during times relevant.

8.     Plaintiff Chris Kirby has been employed by Defendant from about August 2017 to the present, first as a delivery driver and then a manager/driver, at its Papa John's Pizza store in

2

Shallotte, NC.  Plaintiff Kirby's Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached hereto as "Exhibit 1."

**General Allegations**

***Defendant's Business***

9.     During the recovery period, Defendant has owned and operated at least three Papa John's Pizza franchise stores in North Carolina.

10.     Each of Defendant's stores employs delivery drivers (hereinafter collectively "Delivery Drivers").

11.     Defendant's Delivery Drivers have the same primary job duty of delivering pizzas and other food items to Defendant's customers using their personal automobiles.

***Defendant's Flawed Reimbursement Policy***

12.     Defendant requires its Delivery Drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

13.     Defendant's Delivery Drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizzas for the primary benefit of Defendant.

14.     Defendant's Delivery Driver reimbursement policy reimburses Delivery Drivers on a per-delivery basis which results in a per-mile reimbursement far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendant's Delivery Drivers.

15.     The result of Defendant's Delivery Driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its Delivery Drivers' automobile expenses.

16.    During the applicable FLSA limitations period, the IRS business mileage reimbursement rate has ranged between $.535 and $.58 per mile. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.    https://www.irs.gov/newsroom/_irs-issues-standard-mileage-rates-for-2019; https://www.irs.gov/tax-professionals/standard-mileage-rates.

17.    The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with delivery driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's Delivery Drivers further experience lower gas mileage and higher repair costs than the average driver due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

18.    Defendant's reimbursement policy does not reimburse the Delivery Drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicles, and thus Defendant uniformly fails to reimburse its Delivery Drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

19.    Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages it pays to Plaintiff and Defendant's other Delivery Drivers are not paid free and clear of all outstanding obligations to Defendant.

20.     Defendant fails to reasonably approximate the amount of its Delivery Drivers' automobile expenses to such an extent that its Delivery Drivers' net wages are diminished beneath the federal minimum wage.

21.     In sum, Defendant's reimbursement policy and methodology fail to reflect the realities of Delivery Drivers' automobile expenses.

***Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations***

22.     Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of Delivery Drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

23.     During part of the recovery period, from about August 2017 to about January 2019, Defendant paid Plaintiff Kirby the exact federal minimum wage rate of $7.25 per hour, including a tip credit; from about January 2019 - March 2019, Defendant paid him $7.50 per hour, including a tip credit; from April 2019 – present, Defendant has paid Plaintiff $8.50/hour, including a tip credit when delivering pizzas for Defendant.

24.     During the recovery period, the per-delivery reimbursement rate at the store where Plaintiff worked has been approximately $1.50 per delivery.

25.     During his employment with Defendant, Plaintiff experienced an average delivery distance of at least 8 miles per delivery.

26.     Thus, during the applicable limitations period, Defendant's average effective reimbursement rate for Plaintiff Kirby was approximately $.19 per mile ($1.50 per delivery / 8 average miles per delivery).

27. During the FLSA recovery period, the lowest IRS business mileage reimbursement rate has been $.535 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. Using that IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreases his net wages by approximately $.345 ($.535 - $.19) per mile. Considering Plaintiff's estimate of 8 average miles per delivery, Defendant under-reimbursed him about $2.76 per delivery ($.345 x 8 miles).

28. During his employment by Defendant as a Delivery Driver, Plaintiff typically averaged approximately 2 deliveries per hour.

29. Thus, Plaintiff consistently "kicked back" to Defendant approximately $5.52 per hour ($2.76 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $1.73 ($7.25 - $5.52 per hour "kickback") through 2018; about $1.98 from January 2019 – March 2019 ($7.50 - $5.52 per hour "kickback"); and about $2.98 from April 2019 – present ($8.50 - $5.52 per hour "kickback").

30. All of Defendant's Delivery Drivers had similar experiences to those of Plaintiff Kirby. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the applicable federal minimum wage before deducting unreimbursed business expenses.

31. Because Defendant paid its Delivery Drivers a gross hourly wage exactly equal to, or at least very close to, the federal minimum wage, and because the Delivery Drivers incurred unreimbursed automobile expenses, the Delivery Drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations.

32.     While the amount of Defendant's actual reimbursements per mile may vary over time, Defendant is relying on the same flawed policy and methodology with respect to all Delivery Drivers at all of its other Papa John's Pizza stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and store.

33.     The net effect of these policies is that Defendant willfully fails to pay the federal minimum wage to its Delivery Drivers. Defendant thereby enjoys ill-gained profits at the expense of its employees.

### Collective Action Allegations

34.     Plaintiff brings Count I as an FLSA "opt-in" collective action claim on behalf of similarly situated Delivery Drivers pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

35.     The FLSA claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

36.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential plaintiffs may be notified of the pendency of this action via mail.

37.     Plaintiff and all of Defendant's Delivery Drivers are similarly situated in that:

a.  They have worked as Delivery Drivers for Defendant delivering pizza and other food items to Defendant's customers;

b.  They have delivered pizza and food items using automobiles not owned or maintained by Defendant;

c. Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. They were subject to the same pay policies and practices of Defendant;

g. They were subject to the same Delivery Driver reimbursement policy that underestimates automobile expenses, and thereby systematically deprived them of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h. They were reimbursed similar set amounts of automobile expenses per delivery; and

i. They were paid near the federal minimum wage before deducting unreimbursed business expenses.

**Class Action Allegations**

38. Plaintiff Kirby brings Counts II and III as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the class representative of the following persons (the "Class"):

> All current and former delivery drivers employed by Defendant in the State of North Carolina since the date 2 years preceding the filing of Plaintiff's Complaint ("the Class").

39. The Class claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Class.

40. The Class claims satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

41. The Class satisfies the numerosity standard as it consists of at least one hundred persons who are geographically dispersed and, therefore, joinder of all members of the Class in a single action is impracticable.

42. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendant's actions include, without limitation:

  a. Whether Defendant failed to pay net wages to members of the Class as required by the FLSA and the NCWHA;

  b. Whether Defendant failed to pay the Class all wages earned by them and promised to them in violation of the NCWHA;

  c. Whether Defendant has withheld wages from the class without meeting the requirements of N.C. Gen. Stat. 95-25.8;

  d. Whether Defendant reimbursed the Class for their actual expenses;

  e. Whether Defendant reimbursed the Class at the IRS standard business mileage rate;

  f. Whether Defendant failed to reasonably reimburse members of the Class for using their own vehicles to deliver Defendant's pizzas and other food items;

  g. Whether Defendant's formula and/or methodology used to calculate the payment

of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the members of the Class; and

h. Whether Defendant paid the Class exactly, or very close to, North Carolina's minimum wage for time spent performing those duties.

43. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

44. The Claims of the Named Plaintiff are typical of those of the Class in that:

a. The Named Plaintiff and the Class have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers;

b. The Named Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendant;

c. Defendant required the Named Plaintiff and the Class to maintain their automobiles in a safe, legally-operable, and insured condition;

d. The Named Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendant;

e. The Named Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f.  The Named Plaintiff and the Class were subject to the same pay policies and practices of Defendant;

g.  The Named Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile;

h.  The Named Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per mile;

i.  The Named Plaintiff and the Class were not paid all wages accruing to them on their regular payday;

j.  The Named Plaintiff and the Class were not informed of and did not sign off on the deductions taken from their wages; and

k.  The Named Plaintiff and the Class were paid exactly, or at least very close to, North Carolina's minimum wage prior to subtracting unreimbursed vehicle costs.

45.  A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the Class.

46.  The Named Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the members of the Class he seeks to represent.  The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

47.     Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

48.     It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

**COUNT I: Violation of the FLSA**

49.     Plaintiff reasserts and re-alleges the allegations set forth above.

50.     At all relevant times herein, Plaintiff and all other similarly situated Delivery Drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

51.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations, but none of the FLSA exemptions apply to Plaintiff or other similarly situated Delivery Drivers.

52.     The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

53. Defendant is subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

54. Under Section 6(a) of the FLSA, 29 U.S.C. § 206(a), employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009. *Id.*

55. As alleged herein, Defendant has reimbursed Delivery Drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

56. Defendant knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate Delivery Drivers at the federal minimum wage.

57. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

58. Plaintiff and all similarly situated Delivery Drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all Delivery Driver employees in Defendant's stores.

59. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

60. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and

other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant acted in good faith and with reasonable grounds to believe its actions were lawful, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

61.     As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated Delivery Drivers demand judgment against Defendant and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT II: Violation of the NCWHA, N.C. Gen. Stat. 95-25.6

62.     Plaintiff reasserts and re-alleges the allegations set forth above.

63.     The NCWHA states that every employer shall pay every employee all wages accruing to the employee on the regular payday. *See* N.C. Gen. Stat. 95-25.6.

64.     By its policy of failing to fully reimburse delivery drivers for their delivery-related expenses, which constitute *de facto* deductions from pay, Defendant has failed to pay all wages due to its delivery drivers by their regular payday.

65.     Defendant did not act in good faith when it violated the NCWHA.

66.     Plaintiff and the Class are entitled to their unpaid wages and unlawful deductions, liquidated damages in an amount equal to their unpaid wages and unlawful deductions, and interest for the two years preceding the filing of the complaint in this matter.

67.     Plaintiff and the Class are further entitled to recover their attorney's fees and costs.

WHEREFORE, the Plaintiff and the Class demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages;(3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## COUNT III: Violation of the NCWHA, N.C. Gen. Stat. 95-25.8

68.     Plaintiff reasserts and re-alleges the allegations set forth above.

69.     The NCWHA states that an employer is permitted to withhold a portion of an employee's wages provided that the employer has written authorization from the employee which is signed on or before the payday for the pay periods for which the deduction is made; indicates the reason for the deduction; and states the actual dollar amount of wages which shall be deducted from one or more paychecks. *See* N.C. Gen. Stat. 95-25.8(a)(2).

70.     Defendant has not obtained written authorization from Plaintiff or Class to withhold a portion of their wages to cover their delivery-related expenses, which constitute *de facto* deductions from pay.

71.     Defendant did not act in good faith when it violated the NCWHA.

72.     Plaintiff and the Class are entitled to their unpaid wages and unlawful deductions, liquidated damages in an amount equal to their unpaid wages and unlawful deductions, and interest for the two years preceding the filing of the complaint in this matter.

73.     Plaintiff and the Class are further entitled to recover their attorney's fees and costs.

WHEREFORE, Plaintiff and the Class demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages; (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated: September 4, 2019                    Respectfully submitted,

**PATTERSON HARKAVY LLP**                   **WEINHAUS & POTASHNICK**

                                            Mark A. Potashnick (MO Bar # 41315)
/s/ Narendra K. Ghosh                       (*LR 83.1(e) application forthcoming*)
Narendra K. Ghosh (NC Bar No. 37649)        11500 Olive Blvd., Suite 133
100 Europa Dr., Suite 420                   St. Louis, Missouri  63141
Chapel Hill, NC 27517                       Telephone:     (314) 997-9150
Telephone: (919) 942-5200                   Facsimile:     (314) 997-9170
Facsimile: (866) 397-8671                   markp@wp-attorneys.com
nghosh@pathlaw.com


**LIBERMAN, GOLDSTEIN & KARSH**

Eli Karsh (MO Bar #43061)
(*LR 83.1(e) application forthcoming*)
225 S. Meramec Ave., Suite 1200
St. Louis, Missouri  63105
Telephone:     (314) 433-9300
Facsimile:     (314) 300-6262
elikarsh@aol.com


**ATTORNEYS FOR PLAINTIFF**